# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IGNACIO GONZALES,<br><br>　　　　　　　Petitioner,<br><br>　　v.<br><br>DAVID DAVEY, Warden,<br><br>　　　　　　　Respondent. | Case No. 1:16-cv-01871-SKO  HC<br><br>ORDER GRANTING PETITIONER'S MOTION FOR STAY AND ABEYANCE<br><br><br>(Doc. 1) |

Petitioner Ignacio Gonzales is a state prisoner who seeks to proceed with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In his habeas petition, filed December 15, 2016, Petitioner moved for an order of stay and abeyance pending resolution in California state courts of his unexhausted claims.

## I.　　**Procedural Background**

On February 6, 2014, 2011, following trial in Kern County (California) Superior Court, a jury convicted Petitioner of attempted murder and possession of a firearm.  The court sentenced Petitioner to life imprisonment plus 25 years to life plus 3 years.

Petitioner filed a direct appeal.  The California Court of Appeal affirmed the conviction on May 26, 2016.  The California Supreme Court denied the petition for review on August 10, 2016.  Petitioner filed a federal petition for writ of habeas corpus on December 15, 2016, and requested an

order of stay and abeyance to permit him to pursue twelve unexhausted claims through a state habeas petition.

**II.    Standards for Granting Order of Stay and Abeyance**

A federal district court may not address a petition for writ of habeas corpus unless the petitioner has exhausted state remedies with respect to each claim raised. *Rose v. Lundy*, 455 U.S. 509, 515 (1982). A petition is fully exhausted when the highest state court has had a full and fair opportunity to consider all claims before the petitioner presents them to the federal court. *Picard v. Connor*, 404 U.S. 270, 276 (1971). "[P]etitioners who come to federal courts with 'mixed' petitions run the risk of forever losing their opportunity for federal review of the unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 275 (2005).

Federal district courts should stay mixed petitions only in limited circumstances. *Id.* at 277. A district court may stay a mixed petition if (1) the petitioner demonstrates good cause for failing to have first exhausted all claims in state court; (2) the claims potentially have merit; and (3) petitioner has not been dilatory in pursuing the litigation. *Id.* at 277-78.

In the alternative, a court may stay a mixed petition if (1) the petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner to proceed to exhaust the deleted claims in state court; and (3) petitioner later amends his petition and reattaches the newly exhausted claims to the original petition. *Kelly v. Small*, 315 F.3d 1063, 1070-71 (9th Cir. 2003). The *Kelly* procedure is riskier than the *Rhines* procedure since it does not protect the petitioner's unexhausted claims from expiring during the stay. *King v. Ryan*, 564 F.3d 1133, 1135 (9th Cir. 2009).

Despite the risk of the unexhausted claims becoming time-barred in the course of the *Kelly* procedure, a petitioner may elect to use that alternative since it does not require him to demonstrate good cause as *Rhines* does. *King*, 564 F.3d at 1140. Since the Court concludes that Petitioner has

2

demonstrated good cause in this case, it will analyze Petitioner's motion using the *Rhines* alternative.

*Rhines* does not define what constitutes good cause for failure to exhaust, and the Ninth Circuit has provided no clear guidance beyond holding that the test is less stringent than an "extraordinary circumstances" standard. *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005). If the claims are not "plainly meritless," and if the delays are not intentional or attributable to abusive tactics, however, the *Rhines* court opined that a district court would abuse its discretion in denying a stay. 544 U.S. at 278.

Petitioner alleges the following grounds are not exhausted: (1) ineffective assistance of appellate counsel; (2) ineffective assistance of trial counsel; (7) victim testimony secured through coercion and threats; (8) prosecutorial misconduct (amendment of charges); (9) prosecutorial misconduct (closing arguments); (10) prosecutorial misconduct (jury instructions); (11) prosecutorial misconduct (*Griffin* error); (12) denial of mistrial motion; (13) refusal to dismiss Juror 3608619 for cause; (14) refusal to dismiss Juror 3457897 for cause; (15) *Kelly-Frye* error; and (16) prosecutorial misconduct (political argument). Although Petitioner contends that he consistently asserted these claims, his appellate counsel failed to raise those claims.

Nothing in the record suggests that Petitioner has intentionally or maliciously failed to pursue his potentially meritorious claims. Accordingly, the Court finds good cause for the unexhausted claims and will grant stay and abeyance under *Rhines*.

## III.   **Conclusion and Order**

The Court hereby ORDERS as follows:

1.      The Court GRANTS Petitioner's motion for stay and abeyance to permit exhaustion of the twelve stated unexhausted claims pursuant to *Rhines v. Weber*, 544 U.S. 269, 275 (1995).

2.      Petitioner is DIRECTED to file a status report within thirty (30) days of the date of this Order advising the Court of the status of the state court proceedings.

3.      Petitioner shall file an additional status report every ninety (90) days thereafter.

4.      Within thirty (30) days after the California Supreme Court issues a final order resolving the unexhausted claims, Petitioner shall file a motion to lift the stay and an amended habeas petition setting forth all exhausted claims.  The Court shall then screen the petition pursuant to the Rules Governing Section 2254 Cases.

5.      If Petitioner fails to comply with this Order, the Court will vacate the stay, *nunc pro tunc* to the date of this Order, and dismiss the petition without prejudice for failure to exhaust all claims but with leave to file an amended petition.  *See Anthony v. Cambra*, 236 F.3d 568, 574 (9th Cir. 2000).  Such dismissal may render the petition untimely in light of the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act ("AEDPA").


IT IS SO ORDERED.

Dated:   **January 26, 2017**                      /s/ *Sheila K. Oberto*
                                                    UNITED STATES MAGISTRATE JUDGE