# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IGNACIO GONZALEZ,<br><br>        Petitioner,<br><br>   v.<br><br>DAVID DAVEY, Warden,<br><br>        Respondent. | Case No. 1:16-cv-01871-SKO HC<br><br>ORDER DISCHARGING<br>ORDER TO SHOW CAUSE<br><br>(Doc. 6) |

      Petitioner Ignacio Gonzalez is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On January 27, 2017, the Court granted Petitioner's motion for stay and abeyance to allow him to exhaust his state remedies. The order directed Petitioner to file an initial status report within thirty (30) days and to file status reports every ninety days thereafter. Although Petitioner filed a timely initial status report, he failed to file the report due ninety days later. On June 12, 2017, this Court ordered Petitioner to show cause within fifteen days why he should not be sanctioned for failure to file a status report on the pending state proceedings.

      On June 29, 2017, Pastor Rick Riley of Thief on the Cross Prison Ministry filed notice with the Clerk of Court that Petitioner had been unable to file the status report because Petitioner's legal property had been sequestered in the course of transferring Petitioner to another prison. Pastor Riley explained that he had been assisting Petitioner, who is illiterate, in preparing the documents

1

necessary to prosecute his petition on his own behalf. Pastor Riley appended to his notice available documentation of the ongoing state procedures and explained that certain documentation had not yet been received from the clerk of the state court.

Although Pastor Riley may assist Petitioner in preparing documents for filing over Petitioner's signature, because he is not an attorney, Pastor Riley may not act on behalf of Petitioner or any other party proceeding *pro se*. The privilege to proceed *pro se* is personal to the litigant and does not extend to other parties or entities acting on his behalf. *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008). "[A] non-attorney may appear only in her own behalf." *Cato v. United States*, 70 F.3d 1103, 1105 n. 1 (9th Cir. 1995). Although a person who is not an attorney may appear *pro se* on his own behalf (28 U.S.C. § 1654), "he has no authority to appear as an attorney for others than himself." *McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966).

Nonetheless, the Court takes notice of the documents evincing Petitioner's good faith pursuit of the state remedies. The Court will permit Petitioner to file a status report over his own signature within thirty (30) days of this order and directs Petitioner to file subsequent reports every ninety (90) days thereafter. If Petitioner does not receive state legal documentation in time to append it to any status report, he may simply declare under penalty of perjury what state proceedings are then ongoing. If Pastor Riley or any other individual who is not an attorney assists Petitioner by preparing the report using information provided by petitioner, the document may disclose that fact and reflect that Petitioner has signed the document after it has been read aloud to him. However, Petitioner himself must sign the status report and declaration under penalty of perjury.

Accordingly, the Court hereby ORDERS that the order to show cause issued June 12, 2017 (Doc. 6), be discharged. Within thirty (30) days of this order and every ninety days (90) thereafter

until the California Supreme Court has issued its ruling in the state proceedings, Petitioner shall report the current status of the pending state action.

IT IS SO ORDERED.

Dated: **July 20, 2017** /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE

3