# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ignacio Gonzalez,<br><br>   Petitioner,<br><br> v.<br><br>David Davey,<br><br>   Respondent. | No. 1:16-cv-01871-SKO HC<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR FAILURE TO OBEY A COURT ORDER**<br><br>**COURT CLERK TO ASSIGN DISTRICT JUDGE**<br><br>**(Doc. 1)** |

  On December 15, 2016, Petitioner, Ignacio Gonzalez, a state prisoner proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court referred the matter to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 304. In his habeas corpus petition, Petitioner moved for an order of stay and abeyance pending resolution of unexhausted claims in the California state court. (Doc. 1).

  On January 27, 2017, the Court granted Petitioner's motion for stay and abeyance, (Doc. 3), because the Court found that Petitioner's petition met the requirements for a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005). Federal district courts may stay a habeas corpus petition that has not been fully exhausted, if (1) the petitioner demonstrates good cause for failing to have

1

first exhausted all claims in state court; (2) the claims potentially have merit; and (3) petitioner has not been dilatory in pursuing the litigation. *Id.* at 277-78. The Court found that because nothing in the record suggests Petitioner intentionally or maliciously failed to pursue his meritorious claims, good cause existed to grant a stay and abeyance under *Rhines*. (Doc. 3).

In granting the stay and abeyance, the Court directed Petitioner to file a status report within thirty days in order to advise the Court of the status of the state court proceedings. Thereafter, Petitioner was required to file a status report every ninety days. *Id*.

Petitioner timely filed his first status report on February 27, 2017. (Doc. 5). On June 12, 2017, the Court ordered Petitioner to show cause why he should not be sanctioned for failure to file a status report within ninety days after filing the previous report as ordered by the Court. (Doc. 6). On June 29, 2017, the Court received a notice from Pastor Rick Riley of Thief on the Cross Prison Ministry, stating that Petitioner was unable to file a status report because his legal property was sequestered when he was transferred to another prison. (Doc. 7). The Court took notice of documents pertaining to Petitioner's ongoing state proceedings filed with Pastor Riley's notice and discharged the order to show cause on July 21, 2017.[1] (Doc. 8). The Court again ordered Petitioner to file a status report within thirty days and every ninety days thereafter. *Id*.

Petitioner timely filed a status report on August 9, 2017, stating that his petition for writ of habeas corpus was denied by the Kern County Superior Court and he was appealing to the California Court of Appeal. (Doc. 9). Although more than ninety days have passed since August 9, 2017, Petitioner has not filed a status report. Accordingly, on December 11, 2017, the Court issued a second order to show cause, within 21 days, why the petition should not be dismissed for failure to obey a court order. Petitioner failed to respond to the order.

The Court has the discretion to impose any and all sanctions authorized by statute or rule or within the inherent power of the Court, including dismissal of an action based on Petitioner's failure to comply with a court order. F.R.Civ.P. 11; Local R. 110. Because Petitioner has failed to follow the Court's order a second time, the Court recommends dismissing the petition.

---

[1] The Court cautioned Petitioner that while Pastor Riley may assist him in preparing documents for filing, Pastor Riley is not an attorney, and may not act on behalf of Petitioner, who is proceeding *pro se*. (Doc. 8); *see Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008).

**Certificate of Appealability**

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>     (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>     (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issues or issues satisfy the showing required by paragraph (2).

If a court denies a habeas petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Although the petitioner is not required to prove the merits of his case, he must

demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Accordingly, the Court declines to issue a certificate of appealability.

### **Recommendation**

For the foregoing reasons, the undersigned hereby recommends that the Court dismiss the petition without prejudice for failure to obey a court order and decline to issue a certificate of appealability.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, either party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections, if any, shall be served and filed within **fourteen (14) days** after service of the objections. The parties are advised that failure to file objections within the specified time may constitute waiver of the right to appeal the District Court's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 ((9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

The Court Clerk is hereby directed to assign a district judge to this action.

IT IS SO ORDERED.

Dated: __**January 3, 2018**__            /s/ *Sheila K. Oberto*
                                                           UNITED STATES MAGISTRATE JUDGE

5